In re Petition for DISCIPLINARY ACTION AGAINST Jennifer Lynn CUMMINGS, a Minnesota Attorney, Registration No. 292059.

No. A12–0275.

Supreme Court of Minnesota.

April 12, 2012.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Jennifer Lynn Cummings committed professional misconduct warranting public discipline, namely, illegally purchasing a controlled substance from a client whom she was then representing, in violation of Minn. R. Prof. Conduct 8.4(b). Respondent pleaded guilty to one count of fifth-degree possession of a controlled-substance as a result of this conduct, and the district court stayed adjudication of her guilt pursuant to Minn.Stat. § 152.18 (2010), and placed respondent on probation.

Respondent admits her conduct violated the Rules of Professional Conduct, waives her rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension from the practice of law for a minimum of 90 days followed by a period of probation coextensive with respondent's criminal probation in *State of Minnesota v. Jennifer Lynn Cummings,* Court File No. 18–CR–11–766, during which time respondent will be supervised by the Director's Office and subject to other conditions.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Jennifer Lynn Cummings is suspended from the practice of law, effective 14 days after the filing of this order, for a minimum of 90 days;

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that she is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court;

5. Upon reinstatement to the practice of law, respondent shall be subject to probation supervised by the Director's Office for the full term of respondent's criminal probation, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with her probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide au-

thorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall abide by the terms of probation imposed in *State of Minnesota v. Jennifer Lynn Cummings,* Court File No. 18–CR–11–776;

(d) Respondent shall maintain total abstinence from all alcohol and controlled substances, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician;

(e) Respondent agrees to undergo a chemical dependency evaluation by a treatment center acceptable to the Director, within 30 days from the filing of this order and follow all recommendations of the evaluating treatment center;

(f) Respondent shall attend weekly meetings of Alcoholics Anonymous or another out-patient alcohol treatment program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided or approved by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any; and

(g) Respondent shall, at her own expense, no more than four times per month, submit to random urinalysis for drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be grounds for revoking this probation;

6. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR; and

7. If respondent violates either her criminal probation or the terms of this probation, the Director may, after notice to respondent and an opportunity to be heard, move the court to impose additional discipline.

BY THE COURT:

/s/Alan C. Page
Associate Justice